IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID BOURGEOIS,             §
TDCJ-CID #1379715,           §
                             §
        Plaintiff,           §
                             §
v.                           §        CIVIL ACTION NO. H-06-4101
                             §
LARRY CANTU,                 §
                             §
        Defendant.           §

## MEMORANDUM OPINION AND ORDER

David Bourgeois, a prisoner of the Texas Department of
Criminal Justice - Correctional Institutions Division (TDCJ-CID),
filed a 42 U.S.C. § 1983 suit against TDCJ-CID Officer Larry Cantu,
claiming that Cantu violated his rights under the Eighth Amendment
and retaliated against him.  Cantu has filed a motion to dismiss
pursuant to FED. R. CIV. P. 12(b)(6) (Docket Entry No. 11) to which
the plaintiff has not responded.  After reviewing the motion and
pleadings, the court has determined that the motion should be
granted and that this action should be dismissed.

## I.  Claims and Defendant's Arguments

Bourgeois alleges that Cantu assaulted him by deliberately
dropping an iron door tool on his foot. He also alleges that Cantu
directed profane and abusive language at him during the time of the
incident and that the act was done in retaliation for filing a

report against him.  Bourgeois further claims that he was injured by Cantu's act and that he had difficulty walking after the assault.  Bourgeois also claims that Cantu tried to poison him with floor cleaner.

Cantu moves for dismissal on the grounds that Bourgeois's statements regarding prior litigation are false, and that he failed to exhaust all available administrative remedies before filing his civil rights complaint regarding the alleged poisoning.  Cantu further contends that Bourgeois failed to assert an excessive force claim in violation of the Constitution by not alleging more than a de minimis injury and that the alleged verbal abuse does not support a civil rights violation.  Cantu also challenges the retaliation claim in that Bourgeois failed to present a chronology of events from which retaliation could be inferred and that there are no facts which connect Bourgeois's alleged report to Cantu's alleged retaliatory act.

## II.  Analysis

### A.   Standard for Dismissal Pursuant to Rule 12(b)(6)

A dismissal under Rule 12(b)(6) is appropriate "'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'"  Holmes v. Texas A & M University, 145 F.3d 681, 683 (5th Cir. 1998), citing McCann v. Texas City Refining, Inc., 984 F.2d 667, 673 (5th Cir. 1993), quoting Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d

1115, 1116 (5th Cir. 1990).  The court accepts as true all well pleaded allegations in a complaint and views them in the light most favorable to the plaintiff.  <u>McConathy v. Dr. Pepper/Seven Up Corp.</u>, 131 F.3d 558, 561 (5th Cir. 1998), <u>citing</u> <u>Truman v. United States</u>, 26 F.3d 592, 594 (5th Cir. 1994).  The court liberally construes the allegations made in a <u>pro</u> <u>se</u> complaint. <u>Haines v. Kerner</u>, 92 S. Ct. 594 (1972).  However, factual or legal conclusions cannot prevent dismissal for failure to state a claim. <u>Jefferson v. Lead Industries Ass'n, Inc.</u>, 106 F.3d 1245, 1250 (5th Cir. 1997), <u>citing</u> <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993).

## B.   Bourgeois's Litigation History

Bourgeois used a United States District Court sanctioned section 1983 form to file his civil rights compliant.  Immediately below the signature line of the form is the following language:

> **WARNING: The plaintiff is hereby advised that any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions.  The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

Bourgeois indicated in his complaint that he filed one prior civil rights action.  Cantu asserts that Bourgeois's statement is false by referring to the docket of the Southern District of Texas, which arguably indicates that Bourgeois had filed four other complaints before the pending action was docketed.  <u>See</u> <u>Bourgeois</u>

v. Schaffer, H-06-3255 (S.D. Tex. filed Oct. 10, 2006)[1] (dismissed
for failure to exhaust administrative remedies); Bourgeois v.
Schaffer, No. H-06-3476 (S.D. Tex. filed Nov. 2, 2006) (dismissed
as duplicative); Borgeois v. Bookman, No. H-06-4100 (S.D. Tex.
filed Nov. 2, 2006) (dismissed as having no basis in law);
Bourgeois v. McLane, No. H-06-4103 (S.D. Tex. filed Dec. 6, 2006)
(dismissed as frivolous).  The date of Bourgeois's signature on his
Original Complaint in this action is October 29, 2006.   The
cancellation date of the envelope that the Complaint was mailed in
is December 21, 2006, but there still remains some question as to
when Bourgeois may have actually delivered his Complaint to the
prison mail room.  At the very least, it is clear that the other
actions were not filed more than a few weeks before the present
action, and it is not clear whether Bourgeois made a false
statement regarding his litigation history.

    Cantu also points out that Bourgeois has filed numerous civil
rights actions that were dismissed as frivolous and that he is
therefore barred from filing any new complaints or appeals without
advance payment of the filing fee unless he is in imminent danger
of physical injury.  See 28 U.S.C. § 1915(g).  All of the cited
dismissals occurred after the present action was filed.  Despite

---

    [1]The complaints were signed by Bourgeois as indicated and
were apparently given to officials for mailing on those dates.
See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995)
(prisoner's pro se complaint deemed filed on the date he placed
it in the prison mail system).

Bourgeois's litigation history, this action is not subject to dismissal under the three-strikes rule because the dismissals were not made prior to the filing of this action. <u>See</u> 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). However, the court takes note of Bourgeois's propensity to file baseless complaints.

## C.   Bourgeois's Allegations

Claims regarding use of excessive force in a prison setting are analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Whitley v. Albers</u>, 106 S. Ct. 1078, 1084 (1986). A prisoner has a constitutional right not to be subjected to a guard's wanton and sadistic use of excessive force. <u>Hudson v. McMillian</u>, 112 S. Ct. 995, 999 (1992). To establish a claim Bourgeois must allege that Cantu knowingly harmed him while using force that was clearly excessive to any need for such force and that the force used was objectively unreasonable. <u>Id.</u>; <u>Williams v. Bramer</u>, 180 F.3d 699, 703 (5th Cir. 1999); <u>Eason v. Holt</u>, 73 F.3d 600, 601-02 (5th Cir. 1996). Whether the amount of force was

unreasonable depends on several factors, including whether or not Bourgeois was injured.  Id.  Although the extent of Bourgeois's injury does not need to be significant, there must be some physical injury shown.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  See also Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999) (must be more than de minimis physical injury).

Bourgeois alleges that Cantu assaulted him by intentionally dropping a door tool on his foot; however, he presents no facts that indicate that Cantu's action was deliberate or even reckless. He merely states that Cantu "meant" to drop the tool.  Bourgeois's conclusory assertion alone will not support his civil rights claim. See Wallace v. Texas Tech University, 80 F.3d 1042, 1047 (5th Cir. 1996).  Moreover, Bourgeois fails to assert any lingering consequence from the alleged assault beyond some difficulty walking after the incident.  The temporary soreness or stiffness that he may have experienced does not support his use-of-excessive-force claim.  See Siglar at 193.  Furthermore, Cantu's alleged abusive language is not actionable.  Id.

Bourgeois's retaliation claim is also unsupported beyond his bald assertion that Cantu had retaliated against Bourgeois for filing a report against him.  To prevail on a claim of retaliation Bourgeois must establish (1) a specific constitutional right, (2) Cantu's intent to retaliate against Bourgeois for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. Morris v. Powell, 449 F.3d 682 (5th Cir. 2006).  Bourgeois must

allege facts that would support a showing of Cantu's motivation to retaliate against him or "allege a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), citing Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Conclusory allegations are not sufficient. Id.

Bourgeois merely states that Cantu hated him for reporting him. (Docket Entry No. 6 at 2) His only support for his claim is "I know that [is] how these evil people do it in TDCJ." Id. At the most, Bourgeois has only established that he had filed a report against Cantu before the alleged act. This is insufficient to establish a retaliation claim. Enlow v. Tishomingo County, Miss., 45 F.3d 885, 889 (5th Cir. 1995).

Bourgeois admits that he did not file a TDCJ-CID grievance after Cantu allegedly poisoned his food. (Docket Entry No. 6 at 2) Bourgeois was required under 42 U.S.C. § 1997e(a) to exhaust all available administrative remedies before filing this suit. See 42 U.S.C. § 1997e(a); Jones v. Bock, 127 S. Ct. 910, 914 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, he must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 126 S. Ct. 2378, 2385-88 (2006). The Texas prison system has a two-step grievance procedure for presenting administrative grievances. Powe v. Ennis, 177 F.3d 393, 394 (5th

Cir. 1999).  Since Bourgeois chose to ignore the prison administrative system before making his allegation in court, this claim shall be dismissed with prejudice.  <u>Jones</u>, 127 S. Ct. at 921.

The Motion to Dismiss (Docket Entry No. 11) shall be granted. This action shall be dismissed because Bourgeois has failed to present any claims that would entitle him to relief.  FED. R. CIV. P. 12(b)(6).

### III.  <u>Conclusion</u>

The court **ORDERS** the following:

1.    The Motion to Dismiss (Docket Entry No. 11) is **GRANTED**.

2.    This action will be dismissed for failure to present a claim for which relief can be granted.

3.    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and the <u>Pro</u> <u>Se</u> Law Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 4th day of February, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-8-